IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| GAIL MCCOY,<br><br>                Plaintiff,<br><br>v.<br><br>MARTIN O'MALLEY, Commissioner of Social Security,<br><br>                Defendant. | 8:23CV281<br><br>ORDER |

      This matter is now before the Court on plaintiff Gail McCoy's ("McCoy") Petition for Attorney's Fees (Filing No. 17) under the Equal Access to Justice Act ("EAJA"), *see* 28 U.S.C. § 2412(d). McCoy originally brought this action (Filing No. 1) against then-Acting Commissioner of Social Security Kilolo Kijakazi[1] on June 26, 2023, challenging the denial of her request for disability benefits.

      The Commissioner later filed an Unopposed Motion to Reverse and Remand pursuant to Sentence Four of 42 U.S.C. § 405(g) (Filing No. 13), asking the Court to enter judgment (1) reversing the Commissioner's final decision in McCoy's administrative case and (2) remand the matter to "offer Plaintiff the opportunity for a new hearing, take further action to complete the administrative record, and issue a new decision." On October 25, 2023, the Court granted that motion (Filing No. 15) and entered judgment in favor of McCoy (Filing No. 16).

      "The EAJA provides for the award of attorney's fees if: (1) the person is a prevailing party; (2) the individual's net worth did not exceed $2,000,000 at the time the civil action was filed; and (3) the fees and expenses were 'incurred by that party in [the]

---

      [1]On December 20, 2023, Martin O'Malley became the Commissioner of Social Security (the "Commissioner"). The Court has substituted him as the defendant in this matter as requested by the Commissioner. *See* Fed. R. Civ. P. 25(d).

civil action' in which it prevailed." *SEC v. Zahareas*, 374 F.3d 625, 630 (8th Cir. 2004) (citing 28 U.S.C. § 2412(d)(1)(A)-(2)(B)).

McCoy asks the Court—in light of its previous order reversing and remanding the matter—to award her $4,058.37 in attorney fees under the EAJA. That proposed award represents 16.6 hours of work at $244.48 an hour. In support of her motion, McCoy has submitted an itemization of her counsel's time as well as Consumer Price Index data from the Bureau of Labor Statistics. *See* 28 U.S.C. § 2412(d)(2)(A) (stating the Court may award fees in excess of $125 per hour if warranted by an increase in the cost of living); *see also Johnson v. Sullivan*, 919 F.2d 503, 504 (8th Cir. 1990) (concluding that "the Consumer Price Index constitutes 'proper proof' of increased cost of living" and can justify an increased EAJA attorney fee award).

Having no objections to McCoy's motion, the Commissioner also requests the Court order her proposed fee award (Filing No. 18). The Commissioner does note, however, that award "may be subject to offset" under *Astrue v. Ratliff*, 560 U.S. 586, 592-93 (2010), and should be made payable to McCoy "as the litigant."

Based on the parties' submissions, the Court finds McCoy is entitled to an EAJA attorney fee award of $4,058.37 to be paid by the Social Security Administration. McCoy is a prevailing party in this matter and otherwise meets the EAJA's statutory requirements. *See* 28 U.S.C. § 2412(d)(1)(a). Her request is also timely and reasonable. *See Shalala v. Schaefer*, 509 U.S. 292, 302 (1993) (stating an "EAJA application may be filed until 30 days after a judgment becomes "not appealable"—i.e., 30 days after the time for appeal has ended").

Although payable to McCoy, the EAJA fee award can be sent to her attorneys for distribution. *See Ratliff*, 560 U.S. at 589-90. Accordingly,

IT IS ORDERED:

2

1. Plaintiff Gail McCoy's Petition for Attorney's Fees under 28 U.S.C. § 2412(d) (EAJA) (Filing No. 17) is granted.
2. McCoy is awarded attorney fees in the amount of $4,058.37.
3. The Social Security Administration shall make the fee award payable to McCoy and deliver the payment to the Kappelman Law Firm at its address of record.
4. A separate judgment will issue.

Dated this 17th day of January 2024.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge