IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| GAIL MCCOY,<br><br>    Plaintiff,<br><br> v.<br><br>MARTIN O'MALLEY, Commissioner of Social Security,<br><br>    Defendant. | **8:23CV281**<br><br>**ORDER** |

  On June 26, 2023, plaintiff Gail McCoy ("McCoy") initiated this action (Filing No. 1) against then-Acting Commissioner of Social Security Kilolo Kijakazi,[1] challenging the denial of her request for disability benefits. The Commissioner later filed an Unopposed Motion to Reverse and Remand pursuant to Sentence Four of 42 U.S.C. § 405(g) (Filing No. 13), asking the Court to enter judgment (1) reversing the Commissioner's final decision in McCoy's administrative case and (2) remanding the matter to offer her "the opportunity for a new hearing" and decision (Filing No. 14). On October 25, 2023, the Court granted that motion (Filing No. 15) and entered judgment in favor of McCoy (Filing No. 16).

  On January 5, 2024, McCoy moved for fees under the Equal Access to Justice Act ("EAJA"), *see* 28 U.S.C. § 2412(d), based on the Court's reversal and remand of the matter (Filing No. 17). The Court awarded her $4,058.37 in attorney fees to be paid by the Social Security Administration (Filing No. 19). According to McCoy, that award was not subject to offset. *See Astrue v. Ratliff*, 560 U.S. 586, 592-93 (2010) (explaining that

---

  [1]After becoming the Commissioner of Social Security on December 20, 2023, Martin O'Malley (the "Commissioner") was substituted as the defendant in this matter. *See* Fed. R. Civ. P. 25(d).

EAJA attorney fees are subject "to a federal administrative offset if the litigant has outstanding federal debts").

Following further administrative proceedings, McCoy was awarded disability benefits. Now before the Court is her Motion for Attorney's Fees pursuant to 42 U.S.C. § 406(b) (Filing No. 21). In support of her motion, McCoy has submitted (1) an Attorney Fee Agreement (Filing No. 21-1) between her and attorneys Wes Kappelman ("Kappelman") and Kimberly Schram ("Schram"), (2) a notice concerning her past-due benefits (Filing No. 21-2) from the Social Security Administration, and (3) an itemization of the time her attorneys spent on her case (Filing No. 21-3).

McCoy seeks payment of attorney fees of $7,631.63 under § 406(b)(1)(A), which represents 25% of McCoy's total past-due benefits[2] ($14,831.63), less $7,200.00 Schram is reportedly seeking under § 406(a) for work performed before the agency. The provided time records indicate her counsel expended 16.6 hours on this matter between 2023 and 2024, which would yield a hypothetical hourly rate of $459.74 per hour. McCoy's counsel maintains this is a reasonable fee under *Gisbrecht v. Barnhart*, 535 U.S. 789, 808-09 (2002), given the success of their representation, the risk of counsel not getting paid in contingency cases, and "extensive experience in this area" between Kappelman and Schram.

Fees awarded by the Court under § 406(b) may be paid directly to counsel. *See Astrue*, 560 U.S. at 594-95 (citing 42 U.S.C. § 406(b)(1)(A)); 20 C.F.R. § 404.1720(b)(4). McCoy's counsel requests that payment be sent to Schram for distribution. Counsel states that Schram will reimburse the EAJA award to McCoy and then disburse Kappelman's § 406(b) award share.

---

[2]According to McCoy's calculation, a quarter of her total past-due benefits amounts to $14,832.00. Their motion uses the agency's slightly lower estimate instead.

The Commissioner "neither supports nor opposes" the request for an award under § 406(b) but reminds the Court of its duty to consider whether the amount requested is "reasonable under the law."

The Court has carefully conducted the requisite review and finds the requested fee award is fair and reasonable for the services rendered in this case. In short, the Court finds the "character of the representation," the results achieved, and the risk of nonrecovery all support the requested fee award. *Gisbrecht*, 535 U.S. at 807-08. Accordingly,

IT IS ORDERED:

1. Plaintiff Gail McCoy's Motion for Attorney's Fees pursuant to 42 U.S.C. § 406(b) (Filing No. 21) is granted.
2. McCoy is awarded attorney fees in the amount of $7,631.63.
3. The Social Security Administration shall send payment in that amount from McCoy's past-due benefits to attorney Kimberly Schram at her address of record.
4. Schram shall then refund to McCoy the $4,058.37 EAJA fee award and disburse to attorney Wes Kappelman his portion of the § 406(b) award.
5. A separate judgment will issue.

Dated this 3rd day of September 2024.

                                                  BY THE COURT:

                                                  Robert F. Rossiter, Jr.
                                                  Chief United States District Judge